Dear Mr. Austin:
This office is in receipt of your recent opinion request in which you present four legal issues regarding the permissibility of state employees to direct a private organization in which it would be necessary to perform executive duties during a significant part of his/her workday. You ask specifically:
 1. May a state employee, as a part of his/her job, perform services for a private organization during ordinary business hours?
 2. May a state employee, during ordinary business hours, use state equipment to perform services for a private organization?
 3. May a state employee, during ordinary business hours, collect funds for a private organization?
 4. May a state employee, as a part of his/her job, act as a fiduciary for a private organization; establish a bank account for a private organization; sign checks for a private organization?
You also present three legal issues regarding the permissibility of state employees to act as administrative support for a private organization in which the employee has a small part of the total responsibility. You ask specifically:
 1. May a state employee render deminimis service to a private organization during ordinary business hours?
 2. In what amount is this service considered more than deminimis?
 3. Should allowances be made when time expended is equivalent to the benefit received by the state from the employee's participation in a private organization focused on their professional service?
With regards to state employees acting as executive directors of private organizations and acting as administrative support, I refer you to Louisiana Revised Statute 42:63. The statute reads in pertinent part:
 A. (1) Except as otherwise provided in this Subsection, no person holding an elective office, appointive office, or employment in any of the branches of state government or of a political subdivision thereof shall at the same time hold another elective office, appointive office, or employment in the government of a foreign country, in the government of the United States, or in the government of another state.
The statute does not provide that there is any conflict between serving as a state employee and serving as an executive director of a private organization simultaneously. However, Article VII, Section 14 of the Louisiana Constitution prohibits the state from donating public funds. As stated in Louisiana Attorney General Opinion Number 86-652, the payment of funds as wages for hours which have not been earned would be a donation of public funds. Article VII, Section 14 reads in pertinent part:
 A. Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Except as otherwise provided in this Section, neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
Therefore, Article VII, Section 14 of the Louisiana Constitution prohibits a state employee, as part of his/her job to act as a fiduciary for a private organization and from the usage of state equipment during ordinary business hours to perform services for a private entity.
Further, Louisiana Attorney General Opinion Number 86-263 contemplates that "failure to perform the regular working duties could result in charges pursuant to LSA-R.S. 14:138, which prohibits public payroll fraud". Louisiana Revised Statute 14:138 reads in pertinent part:
Public payroll fraud is committed when:
 (1) Any person shall knowingly receive any payment of compensation, or knowingly permit his name to be carried on any employment list or pay roll for any payment of compensation from the state, for services not actually rendered by himself, or for services grossly inadequate for the payment or compensation received or to be received according to such employment list or payroll; or
 (2) Any public officer or public employee shall carry, cause to be carried, or permit to be carried, directly or indirectly, upon the employment list or pay roll of his office, the name of any person as employee, or shall pay any employee, with knowledge that such employee is receiving payment or compensation for services not actually rendered by said employee or for services grossly inadequate for such payment or compensation.
As stated in Louisiana Attorney General Opinion Number 86-652, ". . . public payroll fraud is committed when any public officer pays any employee compensation for services not actually rendered by the employee. Thus, not only is the payment of the questioned wages in violation of the Louisiana Constitution, but such payment is a crime punishable by the payment of a fine or imprisonment".
At this time this office is unable to answer your final inquiry regarding allowances being made when time expended is equivalent to the state's benefit. This question appears to be vague and lacks specificity.
In conclusion, this office is of the opinion that any services, whether miniscule or not, performed for a private organization by a state employee during ordinary business hours is a violation of Louisiana Article VII, Section 14 and the receipt of wages is a crime outlined by LSA-R.S. 14:138 of the Criminal Code. The employee however, is not prohibited from performing personal tasks that do not involve the use of state materials provided that the employee works the required time per week.
We hope this sufficiently answers your inquiries, however if we can be of further assistance please do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: ____________________ CHARLES H. BRAUD, JR. Assistant Attorney General
RPI:CHB, JR.lrw